## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ROY ALLEN LYNN, JR., 718285, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-235-B |
| | ) | |
| RICHARD THALER, Director | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division | ) | |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

On April 13, 1995, Petitioner pled guilty to six counts of burglary of a habitation and was sentenced to twenty-five years confinement.  *State of Texas v. Roy Allen Lynn, Jr.*, No. F-30558 (18th Dist. Ct., Johnson County, Tex. Apr. 13, 1995).

Petitioner does not challenge his conviction.  Instead, he argues that his good time credits were unlawfully forfeited when his parole was revoked.

Prior to filing this action, Petitioner exhausted his administrative and state court remedies.  On May 24, 2005, Petitioner filed a time credit dispute with TDCJ.  On February 13, 2006, TDCJ denied his claim.  On February 8, 2007, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte Lynn*, No. 67,240-02.  On September 12, 2007, the Court of Criminal Appeals denied the petition.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**                    Page -1-

On January 24, 2008, Petitioner filed this federal petition.  On May 30, 2008, Respondent filed his answer arguing the petition is barred by the one-year statute of limitations.  Petitioner did not file a response.  The Court now determines the petition is barred by limitations and should be dismissed.

## II.  Discussion

### A.  Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base is petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case.  The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or

could have become known through the exercise of due diligence.

In the context of parole revocation proceedings, courts have determined that the very latest date on which a petitioner could or should have been aware of the loss of good time was when the Board revoked his parole and recommitted him to TDCJ. *Hill v. Quarterman*, No. 3:06-CV-409-G, 2008 WL 1904399, *2 (N.D. Tex. 2008) (unpublished) (finding limitation period runs from date of revocation); *Gamble v. Quarterman*, 3:09-CV-567-L, 2009 WL 2138416 (N.D. Tex. 2009) (unpublished) (same).

In this case, Petitioner's parole was revoked on March 29, 2005.  (Respondent's Ex. B at 3).  Petitioner knew on the date of his parole revocation, or could have discovered through due diligence, that he would not be credited for his previously earned good time credits.  Thus, the federal statute of limitations began on March 29, 2005, and ended on March 29, 2006.

On May 24, 2005, Petitioner filed a request for administrative review.  TDCJ denied relief on February 13, 2006.  A properly filed request for administrative review tolls the limitations period.  *See Hunter v. Quarterman*, No. 4:06-CV-342-A, 2006 WL 2914162 at *2 (N.D. Tex. Oct. 11, 2006), *citing Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002).  The limitations period was tolled from May 24, 2005, to February 13, 2006, or 265 days.  When 265 days are added to the limitations period, the new limitations deadline becomes December 19, 2006.

Under 28 U.S.C. § 2244(d)(2), the limitations period is also tolled during the pendency of state habeas proceedings.  On February 8, 2007, Petitioner filed a state habeas petition.  This petition was filed after the limitations period expired.  It therefore did not toll the limitations period.  The federal limitations period expired on December 19, 2006.  Petitioner did not file his

federal petition until January 24, 2008.  The petition is therefore untimely.

**B.  Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 9th day of November, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-